NO. 12-04-00125-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
THE STATE OF TEXAS FOR                          §                 APPEAL FROM THE 

 
THE BEST INTEREST AND                           §                 COUNTY COURT AT LAW

 
PROTECTION OF H.M.                                   §                 CHEROKEE COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant H.M. appeals from an order to administer psychoactive medication. After a
hearing without a jury, the trial court entered an order authorizing the Texas Department of Mental
Health and Mental Retardation to administer psychoactive medication to H.M. In his sole issue,
H.M. asserts the evidence is legally and factually insufficient to support the order. We affirm.
 
Background
            On March 30, 2004, Dr. S. Srinivasan filed an application requesting the court order an
authorization for the administration of psychoactive medication to H.M. The application recited that
H.M., who suffers from schizophrenia, is subject to an order for temporary mental health services. 
Dr. Srinivasan indicated that H.M. refuses to take the medication voluntarily. The doctor believes
H.M. lacks the capacity to make a decision regarding administration of psychoactive medication
because he is psychotic. Dr. Srinivasan determined that the requested medication is the proper
course of treatment for H.M. and, with this treatment, his prognosis is fair. Conversely, without the
treatment, H.M.’s mental health will deteriorate. Medical alternatives would not be as effective as
administration of psychoactive medication and the benefits of psychoactive medication outweigh the
risks. 
            Dr. Srinivasan testified at the hearing, stating that H.M., who is suffering from schizophrenia, 
refused to take his medications voluntarily and lacks the capacity to make a decision regarding the
administration of psychoactive medications. The doctor testified that the medications are in the
proper course of treatment for H.M. and in his best interest. He explained that H.M. would likely
benefit from taking these medications and the benefits outweigh the risks. H.M.’s hospital stay
would likely be shortened if medications are used.
            On cross-examination, the doctor explained that although H.M. signed a consent for
treatment, he does not comply with the treatment. H.M. refused to accept the doctor’s
recommendations regarding medication.
            On redirect examination, Dr. Srinivasan further explained that H.M. would accept medication
some of the time but refused it some of the time. That behavior has been ongoing. When he is not
on medication, he picks fights with other patients and has to be given PRN injections. The doctor
said that, as of the Friday before the Tuesday hearing, he was no longer H.M.’s treating physician. 
He did not know whether H.M. complied after Friday.
            In response to questions by the court, Dr. Srinivasan explained that, during the entire time
H.M. was his patient, his compliance was erratic. He further stated that erratic compliance
demonstrates that H.M. really does not have the ability to make a decision about whether to take the
medication.
            On recross-examination, Dr. Srinivasan stated that, although the patient has the right to refuse
medication, in this case, H.M. lacks the capacity to make the decision. The doctor agreed that H.M.
had been respectful of the proceedings but explained that the goal is to keep H.M. from being
psychotic, experiencing mood instability, or becoming assaultive.
            H.M. testified in his own behalf. He said the doctor is a compulsive liar and that he has
always taken his medications. He signed a consent for medication. He said he never talked to the
doctor about the possible use of medication. The doctor changed his pills one day. He did not take
the pill because he thought something was wrong. H.M. thinks it is normal to get angry. It is just
the transition he is in. He explained that he “said some words” but did not hurt anyone. As a result,
they gave him a shot that he was not pleased about. He stated that he is in agreement with taking
medication and he is taking two different kinds of medicine.
            Dr. Srinivasan was recalled and questioned by the court. He testified that H.M. refused
medication on more than one occasion. H.M. was given two PRNs and was restrained on one
occasion because of assaultive behavior. The nurses thought he was not taking the medication on
a regular basis. They thought he was “ditching” it.
            On cross-examination, Dr. Srinivasan explained that test results monitoring one type of
medication showed H.M. was only taking it “at times.”
            Almost two weeks before the hearing, H.M. had been ordered committed for temporary in-patient mental health services. The trial court entered an order to administer psychoactive
medication for the period of temporary commitment.
 
Sufficiency of the Evidence
            In his sole issue, H.M. asserts the evidence is neither legally nor factually sufficient to
support the order to administer psychoactive medication. He contends that the State did not prove
by clear and convincing evidence that he lacks the capacity to make a decision regarding
administration of psychoactive medication. He argues that he consented and has always taken his
medicine. He merely refused to take some new pills before discussing them with his physician.
Therefore, the order should be reversed.
            In a legal sufficiency review where the burden of proof is clear and convincing evidence, the
reviewing court must consider all of the evidence in the light most favorable to the finding to
determine whether a reasonable trier of fact could have formed a firm belief or conviction that its
finding was true. In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002). The reviewing court must assume
that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do
so. Id. A court should disregard all evidence that a reasonable factfinder could have disbelieved or
found to have been incredible. Id. 
            In addressing a factual sufficiency of the evidence challenge, we must consider all the
evidence in the record, both in support of and contrary to the trial court’s findings. In re C.H., 89
S.W.3d 17, 27-29 (Tex. 2002). This court must give due consideration to evidence that the
factfinder could reasonably have found to be clear and convincing. Id. at 25. We must determine
whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about
the truth of the State’s allegations. Id. We must consider whether disputed evidence is such that a
reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. In
re J.F.C., 96 S.W.3d at 266. Appellate courts retain deference for the constitutional roles of the
factfinder. In re C.H., 89 S.W.3d at 26. The trier of fact is the exclusive judge of the credibility of
the witnesses and the weight to be given their testimony. See id. at 27; In re J.J.O., 131 S.W.3d 618,
632 (Tex. App.–Fort Worth 2004, no pet.).
            The court may enter an order authorizing the administration of psychoactive medication if
it finds by clear and convincing evidence that the patient is under an order for temporary or extended
mental health services, the patient lacks the capacity to make a decision regarding the administration
of the proposed medication, and treatment with the proposed medication is in the best interest of the
patient. Tex. Health & Safety Code Ann. § 574.106(a) (Vernon 2003). In determining that there
is a need for psychoactive medication, the court is required to consider the following:
 
              (1) the patient’s expressed preferences regarding treatment with psychoactive medication;

              (2) the patient’s religious beliefs;

              (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication;

              (4) the consequences to the patient if the psychoactive medication is not administered;

              (5) the prognosis for the patient if the patient is treated with psychoactive medication; and

              (6) alternatives to treatment with psychoactive medication.


Tex. Health & Safety Code Ann. § 574.106(b) (Vernon 2003).
            Dr. Srinivasan testified that H.M. was, at the time of the hearing, under an order for
temporary mental health services. The doctor testified that H.M. suffers from schizophrenia and
lacks the capacity to make a decision regarding administration of psychoactive medication. The
medications are in H.M.’s best interest, the benefits outweigh the risks, and his hospital stay would
be shortened if medications are used. During his hospital stay, his compliance was erratic. When
not on his medication, H.M. is assaultive. 
            Considering all the evidence in the light most favorable to the findings, we conclude a
reasonable trier of fact could have formed a firm belief or conviction that H.M. lacked the capacity
to make a decision regarding administration of the proposed medication. See Tex. Health &
Safety Code Ann. § 574.106(a); In re J.F.C., 96 S.W.3d at 266. The evidence is legally sufficient
to support the trial court’s order. See id.
            In addressing H.M.’s factual sufficiency complaint, we consider all the evidence, giving due
consideration to evidence the factfinder could reasonably have found to be clear and convincing. 
In re C.H., 89 S.W.3d at 25. In opposition to the doctor’s testimony, H.M. testified that he takes
his medications and the doctor is lying. H.M. testified that he signed a consent for medication and
is in agreement with taking medication. The trial court was entitled to disbelieve H.M. and disregard
the evidence contrary to the State’s position. See id. at 27. Accordingly, in light of the entire record,
the evidence is such that the trial court could reasonably form a firm belief or conviction that H.M.
lacks the capacity to make a decision regarding the administration of the proposed medication and
that treatment with the proposed medication is in his best interest. See id. Thus, the evidence is
factually sufficient to support the trial court’s findings. See Tex. Health & Safety Code Ann.
§ 574.106(a). Because we hold the evidence is both legally and factually sufficient to support the
trial court’s order, we overrule H.M.’s sole issue.

Conclusion
            The evidence is legally and factually sufficient to support the trial court’s order authorizing
administration of psychoactive medication.
            We affirm the trial court’s order for administration of psychoactive medication.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
Opinion delivered October 29, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(PUBLISH)